IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-40561
Summary Calendar

JAMES ERVIN; DONALD ERVIN,

Plaintiffs–Appellants,

v.

MASTERS RESOURCES LLC,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-233

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

James and Donald Ervin appeal a jury verdict in favor of Masters Resources, LLC (Masters) on their claim under general maritime law. We affirm.

**I**

This case arises out of a boating accident in Galveston Bay. In July 2006, James and Donald Ervin set out on Donald's boat for a day of fishing. After

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fishing at Bart's Pass, the Ervins navigated towards Earnest Reef at about twenty miles per hour. As they approached, their vessel allided with a submerged object, which the Ervins claim was a pipe with a four- to six-inch diameter. Donald was thrown overboard, and James was thrown against the vessel's bow. Both lost consciousness briefly and were treated at the emergency room for their injuries.

The Ervins sued Masters and alleged that it owned or controlled the pipeline struck by their vessel. A jury, however, rendered a verdict for Masters, finding that it did not own, control, maintain, or put in place the pipe the Ervins struck. The district court entered judgment on the verdict and denied the Ervins' motion for a new trial. This appeal followed.

## II

The Ervins argue that the jury verdict was against the great weight of the evidence. But federal courts "do not directly review jury verdicts."[1] Since the Ervins did not move for judgment as a matter of law on the sufficiency of the evidence, they did not properly preserve that argument in the district court.[2] Issues raised for the first time on appeal are reviewed only for plain error.[3] On plain error review, the question "is not whether there was substantial evidence to support the jury verdict, but whether there was any evidence to support the jury verdict."[4]

---

[1] *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 297 (5th Cir. 1978).

[2] *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001); *Coughlin*, 571 F.2d at 297.

[3] *Flowers*, 247 F.3d at 238.

[4] *Id.*

Although the Ervins raised the issue in a motion for a new trial, such a motion "will not reopen the question foreclosed by plaintiffs' failure to move for a directed verdict."[5] A denial of a motion for new trial is reviewed for abuse of discretion.[6] As such, we do not review the "sufficiency" of the evidence, but rather "whether there was an absolute absence of evidence to support the jury's verdict."[7]

Because the alleged tort occurred in navigable waters, the case is governed by admiralty law.[8] To establish liability, the Ervins had to show that Masters "owned, maintained, placed, or controlled" the submerged obstruction that damaged their vessel.[9] The Ervins argue that the evidence conclusively established that Masters owned, maintained, placed, or controlled the object at issue and that no reasonable juror could have found otherwise. Specifically, the Ervins point to the testimony as to where the accident occurred and the testimony of Masters's corporate representative, John Barton, which they allege establishes that Masters controlled and maintained all pipelines in the vicinity of the accident.

We conclude that there is some evidence to support the jury verdict. The only evidence that the Ervins struck a pipe was their testimony that immediately after the accident, which knocked them both unconscious, they saw a four- to six-inch rusty pipe just below the surface of the water. But when they returned to the alleged location of the allision, they could not locate the pipe and therefore could offer no direct proof that Masters owned the object that was

---

[5] *Coughlin*, 571 F.2d at 297.

[6] *Id.* at 298.

[7] *Id.* (internal quotation marks omitted).

[8] *Creppel v. Shell Oil Co.*, 738 F.2d 699, 701 (5th Cir. 1984).

[9] *See id.* at 702.

struck. Although the Ervins offered circumstantial evidence suggesting that Masters owned most of the pipes in the area, this evidence was countered by testimony from Masters's witnesses that two other companies had pipes in or near the accident location. Moreover, the Ervins insisted that the pipe allegedly struck had a diameter of four to six inches, and Masters's corporate representative testified that it did not own any pipelines that size in the area of the accident. Accordingly, we cannot conclude that there is an "absolute absence" of evidence supporting the jury verdict. Given the highly deferential standard of review, we must affirm the judgment.

*    *    *

For the foregoing reasons, the district court's judgment is AFFIRMED.